UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CV F 03 6198 OWW SMS |
| | ) | |
| Plaintiff, | ) | ORDER DIRECTING PLAINTIFF TO FILE |
| v. | ) | A SUPPLEMENTAL BRIEF NO LATER |
| | ) | THAN JANUARY 5, 2007 |
| $14,448.00 IN U.S. CURRENCY, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

    Pending before the Court is Plaintiff's motion for a default judgment, which was heard by the undersigned Magistrate Judge on December 8, 2006. As was discussed at the hearing, supplemental submissions and briefing will be permitted with respect to several matters.

    First, as to any possessor of property or potential claimant whose rights were the subject of a stipulation or stipulations, or a plea agreement, the Court needs copies of the stipulations or agreement because some of the lodged documents do not appear in the Court file. The Court notes that it has had difficulty finding stipulations mentioned in the motion, including in connection with the $14,448.00 stipulations concerning the

1

1  interests of Alberto Felix and Jose Felix; with respect to the
2  $6,124.00 stipulations concerning the interest of Alberto and
3  Jose Felix; with respect to the $18,565.00 a stipulation
4  concerning Jose Felix; and with respect to the 2000 GMC Yukon
5  Denali, a stipulation concerning the interest of Pedro Lopez. If
6  there are other stipulations that Plaintiff seeks the Court to
7  review, they should be provided to the Court unless they were
8  actually filed in the Court file in this action and were assigned
9  a document number in the docket.

10      With respect to notice, Plaintiff should provide the Court
11  with legal authority, including citation to specific statutes and
12  rules, and case authority where available, supporting Plaintiff's
13  position concerning the adequacy of notice to Bryan Barrera and
14  to Serapia Zepeda. Plaintiff should also explain to the Court
15  exactly how the facts (i.e., the actual methods used to give
16  notice) are sufficient to satisfy the statutes, rules, and cases
17  relied on by Plaintiff.

18      With respect to the 1997 Ford F-150 truck, the Court notes a
19  paucity of allegations regarding this res in the complaint; it is
20  possible that the allegations of the complaint as presently
21  stated are not legally sufficient to warrant a default judgment
22  in this forfeiture action with respect to this res. Plaintiff
23  should brief the legal sufficiency of the complaint as it stands
24  and, if the complaint is legally insufficient, inform the Court
25  of how the Plaintiff intends to proceed with respect to this
26  asset and this application for default judgment.

27      Further, this is a complex forfeiture action with numerous
28  defendants, and various persons have filed answers and claims in

1  this action. Fed. R. Civ. P. 54(b) provides that when multiple
2  claims or parties are involved in an action, final judgment as to
3  fewer than all claims or parties is possible only if the Court
4  makes an express determination that there is no just reason for
5  delay and an express direction for the entry of judgment. The
6  Court understood Plaintiff's counsel to have represented at the
7  hearing that the interests of all persons or entities who filed
8  answers or claims, and who are not the subject of the present
9  application, have been subject to a final disposition in the
10 action, but that it is not clear that they have all been
11 dismissed because of some inconsistency in procedures. The Court
12 requests that Plaintiff briefly state the status of the interests
13 of any such persons or entities who filed answers or claims in
14 this action, and further refer to the document in the file that
15 documents the final disposition, settlement, or other status, so
16 that the Court can be certain that a recommended judgment of
17 forfeiture would finally dispose of this action in its entirety.
18 If claims remain outstanding, then the Court requests that
19 Plaintiff address whether or not the entry of judgment is
20 appropriate in view of any such outstanding claims or interest.
21      Plaintiff IS DIRECTED to file briefing and to submit the
22 stipulations no later than January 5, 2007.
23 IT IS SO ORDERED.
24 **Dated:   December 11, 2006**           **/s/ Sandra M. Snyder**
   icido3                                   UNITED STATES MAGISTRATE JUDGE